**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE**

CIVIL ACTION NO. 22-10-DLB-EBA

DELANO CONN                                                             PLAINTIFF


v.                    <u>MEMORANDUM OPINION AND ORDER</u>


WAL-MART STORES EAST, LP                                           DEFENDANT

\* \* \* \* \* \* \* \* \* \* \*

## I.      INTRODUCTION

This matter is before the Court upon a Motion to Remand (Doc. # 9) filed by Plaintiff Delano Conn, by and through his Powers of Attorney Darren Conn and Dustin Conn. Defendant Wal-Mart Stores East, LP has filed a Response (Doc. # 11), and the time for filing a Reply has passed with none being filed.  The matter is thus ripe for the Court's review.  Accordingly, for the reasons stated herein, Plaintiff's Motion to Remand (Doc. # 9) is **denied**.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

The underlying state case in this matter is before the Court now for a second time, after being remanded *sua sponte* in December 2021 for lack of subject matter jurisdiction. *See Conn v. Wal-Mart Stores East, LP (Conn I)*, No. 21-CV-72-DLB, ECF No. 4 (E.D. Ky. Dec. 2, 2021).   Originally, Mr. Conn filed suit against Walmart in Pike Circuit Court, seeking tort damages from a trip-and-fall accident that occurred while Mr. Conn was being sold tires at a Walmart store in Pikeville, Kentucky.  (*See* Doc. # 1-3).   After the first removal and subsequent remand in *Conn I*, Walmart removed the case again in February

1

2022.  (Doc. # 1).  However, this time, Walmart has included more information about the amount in controversy, including a denial from Mr. Conn that he will not seek damages in excess of $75,000.  (Doc. # 1-2).  Mr. Conn filed a Motion to Remand in March 2022, asking the Court "to make an equitable ruling in support of remand," because "premises liability cases are typically heard in state court where the incident occurred[.]"  (Doc. # 10 at 4-5).  Unfortunately for Mr. Conn, his argument is unavailing.

III.      ANALYSIS

   A.      The case is properly removed under diversity jurisdiction.

In removing a case to federal court, the defendant bears the burden of showing that the federal court has original jurisdiction over the action.  *Long v. Bando Mfg. of Am.*, 201 F.3d 754, 757 (6th Cir. 2000); *see also* 28 U.S.C. § 1441.  The original jurisdiction of federal courts, however, is limited.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Specifically, federal courts have jurisdiction over only two types of civil actions: (1) those involving questions of federal law, 28 U.S.C. § 1331; and (2) those invoking diversity jurisdiction, which are actions between citizens of different states "where the matter in controversy exceeds the sum or value of $75,000."  28 U.S.C. § 1332(a).  This matter is properly before the Court under diversity jurisdiction, as the parties have agreed that diversity of citizenship exists, and the amount of controversy appears to be greater than $75,000.

First, Mr. Conn has declined to admit that he will not seek damages in excess of $75,000.  Generally, evidence of an unequivocal stipulation, such as Mr. Conn's, will satisfy the Defendant's burden on remand.  *See Shupe v. Asplundh Tree Expert Co.*, 566 F. App'x 476, 481 (6th Cir. 2014); *see also King v. Household Fin. Corp. II*, 593 F. Supp.

2d 958, 960 (E.D. Ky. 2009).   Furthermore, Mr. Conn does not seem to dispute the amount in controversy, as it is not addressed in his Motion to Remand (Doc. # 10), but it nonetheless seems clear to the Court that the amount in controversy is satisfied.   In addition to Mr. Conn's stipulation, Walmart has written that Mr. Conn has now provided Walmart with medical records to indicate that Mr. Conn "will seek more than $260,000 in medical expenses for treatment he has received for a fractured hip . . . including surgery, hospitalization, and inpatient rehabilitation."   (Doc. # 11 at 3).   In short, Walmart has carried its burden of showing that the case is properly removed under diversity jurisdiction.   However, the Court will still address the arguments raised by Mr. Conn in his Motion to Remand.

> **B.** **Because jurisdictional prerequisites are satisfied, Walmart has "an absolute right" to remove the case to federal court.**

In support of remand, Mr. Conn has posited that the Court should "make an equitable ruling in support of remand" based on the Court's supposed "discretionary abilities" to do so.   (Doc. # 10 at 4).   Unfortunately for Mr. Conn, the Court has no such ability, as Mr. Conn is asking the Court to deprive Walmart of a right guaranteed to it by federal law.   More specifically, that federal law is 28 U.S.C. § 1441, which "grants defendants a *right* to a federal forum" by providing for the removal of cases from state court.   *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 137 (2005) (emphasis added).   The Sixth Circuit has referred to removal as a "statutory right," and has further held that "if the requirements of the removal statute are met, the right to removal is absolute."   *Regis Assocs. v. Rank Hotels (Mgmt.), Ltd.*, 894 F.2d 193, 195 (6th Cir. 1990) (citing *White v. Wellington*, 627 F.2d 582, 586 (2d Cir. 1980)).   In other words, the Supreme Court has cleverly said that the federal court's subject-matter jurisdiction

3

"fixes the right of the defendant to remove, and the plaintiff ought not be able to defeat that right and bring the cause back to state court at his election.  If he does not desire to try his case in the federal court[,] he may resort to the expedient of suing for less than the jurisdictional amount[.]"

*St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938).  More plainly, if the federal court has subject-matter jurisdiction, a plaintiff cannot successfully remand a case simply because he desires to litigate in state court, and that principle is equally applicable here.

Accordingly, Mr. Conn's argument that "premises liability cases are typically heard in state court where the incident occurred, and it should remain that way" is not sufficient to divest the Court of its subject-matter jurisdiction over this matter.  Furthermore, the Court has no power to make an "equitable ruling" to bypass a federal statute and a century of binding precedent.  The jurisdictional facts of this case are clear – Mr. Conn, domiciled in Kentucky, sued a business entity which is not domiciled in Kentucky, and Mr. Conn now seeks more than $75,000 in damages.  Diversity jurisdiction is therefore satisfied, and Walmart has invoked its "absolute right" to removal.  *Regis Assocs.*, 894 F.2d at 195.  If Mr. Conn desired to litigate in state court, as the Supreme Court aptly stated in *St. Paul Mercury*, he should have sought less than $75,000 in damages.  *See* 303 U.S. at 294.  For these reasons, the case will remain in federal court, and Mr. Conn's Motion to Remand (Doc. # 9) will be denied.

## IV.    CONCLUSION

Accordingly, **IT IS ORDERED** that:

(1)    Mr. Conn's Motion to Remand (Doc. # 9) is **DENIED**; and

(2)    Discovery shall proceed in the case in accordance with the Court's previously entered Scheduling Order (Doc. # 4).  If the parties should need to amend the

Scheduling Order in light of this Motion's adjudication, they may do so by appropriate Motion to the United States Magistrate Judge.

This 19th day of April, 2022.



Signed By:

_David L. Bunning_

United States District Judge

K:\DATA\ORDERS\PikeCivil\2022\22-10 MTR.docx